**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

**ROBERT ALLEN WAYNE PEDIGO**                                    **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 1:17CV-P160-GNS**

**NURSING STAFF SOUTHERN KENTUCKY**
**HEALTH PARTNERS** *et al.*                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Robert Allen Wayne Pedigo's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the claims against the two named Defendants and allow Plaintiff an opportunity to file an amended complaint.

## I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate currently incarcerated in the Fulton County Detention Center (FCDC). He brings suit pursuant to 42 U.S.C. § 1983 against "Nursing Staff Southern Kentucky Health Partners" (SHP) and Barren County Jailer Mark Belomy in their official capacities alleging that he was denied medical and mental health care.

Specifically, Plaintiff alleges that he broke his hand in June 2016 while incarcerated in the Barren County Jail. He states, "I was seen at the time after it Happen the nurse said it was ok Just swollen well weeks went by swollen went down and I was again denied further attention." He continues, "Finally after about a month it was x-rayed and still they said there wasnt a problem I am guessing because it was started to Hill by its self." Plaintiff claims, "Its been months later and my hand still hurts and still fills Broke I even put in a medical request around

the 1st week of August and still no answer this is why I am filling this lawsuit." He reports filing grievance forms "a number of times Seeking Medical Attention."

Plaintiff further asserts that the "midical staff there also started crushing my deprision medicine and it was acting deferent on me so she threatned to take me off of them because I didnt want them crushed. . . . so I started taking them again because I need them." He states that he went to court in Warren County "on August 7th and didnt get back till after medicine was passed out so she came in the next day and took me off my medicine." Plaintiff surmises, "she done this because she didnt like me because I kept given her a problem about my hand."

As relief, Plaintiff seeks monetary and punitive damages and injunctive relief in the form of "corrective surgery, Physical Therapy" and having his hand looked at by a doctor.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a

claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III. ANALYSIS

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendant Jailer Belomy, therefore, actually are brought against Barren County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). Similarly, the official-capacity claims against Defendant "Nursing Staff Southern Kentucky Health Partners" actually are brought against SHP.

When a § 1983 claim is made against a municipality, like Barren County, this Court must analyze two distinct issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

This same municipal-liability analysis applies to § 1983 claims against a private corporation like SHP.[1]  *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996)

---

[1] The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'"  *Hicks v. Frey,* 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).  SHP has apparently contracted with the Barren County Jail to provide medical services to the inmates.  Thus, on initial review of the complaint, the Court presumes that SHP is a state actor.

("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Liability must be based on a policy or custom of the contracted private entity or "the inadequacy of [an employee's] training." *Id.* at 817; *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

In the instant case, Plaintiff does not allege that his harm was caused by a policy or custom of either Barren County or SHP. Nothing in the complaint demonstrates that the action or inaction of any personnel occurred as a result of a policy or custom implemented or endorsed by either the county or SHP. The complaint, therefore, fails to establish a basis of liability against the municipality and SHP and fails to state a cognizable § 1983 claim against them. For these reasons, the claims against Defendants in their official capacity will be dismissed.

However, "under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will allow Plaintiff an opportunity to amend his claims of denied medical and mental health treatment to name as Defendants in their individual capacity the person or persons who he claims engaged in the alleged wrongdoing and to describe the facts surrounding how each Defendant allegedly violated his rights.

Regarding Plaintiff's claim for injunctive relief, *i.e.*, "corrective surgery, Physical Therapy" and for his hand to be looked at by a doctor, an inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from

confinement or transfer to another facility. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same). Because Plaintiff is no longer incarcerated in the Barren County Jail, his claims for injunctive relief are moot and will be dismissed.

The Court notes, however, that it appears that Plaintiff may be alleging in the complaint that he is continuing to be denied medical and mental health treatment at his current place of confinement in FCDC. If he is making such allegations, he must file a new action describing his claims in detail and suing persons at the FCDC who he claims have been violating his rights. Joinder of such claims and FCDC Defendants in this current action would be improper. *See* Fed. R. Civ. P. 18, 20.

## IV. <u>ORDER</u>

For the foregoing reasons,

**IT IS ORDERED** that the official-capacity claims against Defendants "Nursing Staff Southern Kentucky Health Partners" and Barren County Jailer Mark Belomy are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED that within <u>30 days</u> from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint** to name the person or persons involved in his claims that he was being denied medical and mental health treatment at Barren County Jail; to sue them in their individual capacity; and to describe the facts surrounding each Defendant's involvement in his claims.

**The Clerk of Court is DIRECTED** to send Plaintiff a *Pro Se* Prisoner Handbook and to place the instant case number and "Amended" on a § 1983 complaint form and send it, along with four blank summons forms, to Plaintiff for his use should he wish to amend the complaint. The Court will conduct an initial review on the amended complaint pursuant to 28 U.S.C. § 1915A. **Should Plaintiff file no amended complaint within 30 days, the Court will enter a final Order dismissing the entire action for the reasons stated herein**.

**The Clerk of Court is further DIRECTED** to send a § 1983 packet to Plaintiff in case he should wish to bring claims based on his treatment at FCDC.

Date:  March 5, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc:  Plaintiff, *pro se*
      Barren County Attorney
4416.005

7